OPINION
{¶ 1} Carlos Gutierrez appeals from his conviction and sentence in Fairborn Municipal Court following a no-contest plea to driving under the influence of alcohol.
 {¶ 2} In his sole assignment of error, Gutierrez contends the trial court erred in overruling his motion to suppress. In support, he claims a traffic stop that led to his arrest was made without a reasonable, articulable suspicion of criminal activity. For the reasons set forth below, we find this argument to be without merit. Accordingly, the trial court's judgment will be affirmed.
 I. Factual and Procedural Background {¶ 3} In the early morning hours of May 15, 2003, Ohio Highway Patrolman James Williams was following a gold Honda on Zink Road in Greene County. As Williams traveled behind the Honda on the two-lane road, it stopped directly in front of him for no discernable reason. After a few seconds, the Honda moved forward several feet and then stopped a second time for no apparent reason. Officer Williams was required to "slow way down" to avoid hitting the Honda. Once again, the Honda proceeded forward after a few seconds. Officer Williams activated his overhead lights when the Honda began moving the second time. The Honda then stopped on the roadway a third time and signaled a right turn despite the fact that there was nowhere to turn. It then proceeded to an apartment complex approximately five-hundred feet down the road and entered a parking lot.
 {¶ 4} Officer Williams approached the Honda's driver-side window and encountered Gutierrez. The officer immediately detected the odor of alcohol and noticed that Gutierrez's eyes were blood-shot and glassy. When Gutierrez admitted having consumed two beers, Officer Williams noted that his speech was slurred and slow. Gutierrez then agreed to perform several field-sobriety tests. In Officer Williams' opinion, Gutierrez performed poorly on these tests. Based on the foregoing facts, Officer Williams arrested Gutierrez for driving under the influence of alcohol. In addition to citing Gutierrez for the DUI offense, Officer Williams also cited him for stopping in the roadway in violation of R.C. § 4511.22, Ohio's slowspeed statute, and for failing to wear a safety belt.
 {¶ 5} Gutierrez subsequently filed a motion to suppress, arguing, inter alia, that Officer Williams lacked a reasonable, articulable suspicion to stop him. The matter proceeded to a hearing before a magistrate, who sustained Gutierrez's motion. On objections from the State, the trial court rejected the magistrate's decision and found that Officer Williams had a reasonable, articulable suspicion to stop Gutierrez for violating R.C. § 4511.22. Following the trial court's ruling, Gutierrez entered a no-contest plea to the DUI charge in exchange for the State's dismissal of the other two charges. This timely appeal followed.
 II. Analysis {¶ 6} In his sole assignment of error, Gutierrez contends the trial court erred in overruling his motion to suppress. In particular, he argues that Officer Williams lacked a reasonable, articulable suspicion that he had violated R.C. § 4511.22(A), which provides: "No person shall stop or operate a vehicle * * * at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when stopping or reduced speed is necessary for safe operation or to comply with the law." Gutierrez insists that his brief stops in the road did not provide Officer Williams with reasonable, articulable suspicion that he had violated the statute. In support, he relies on Statev. Echols (June 26, 1998), Trumbull App. No. 97-T-0101, in which the Eleventh District held, in a 2-1decision, that a driver's eight-second to ten-second stop in an intersection was insufficient to provide an officer with reasonable, articulable suspicion or probable cause to believe R.C. § 4511.22(A) had been violated.
 {¶ 7} Upon review, we find Gutierrez's assignment of error to be unpersuasive. It is well settled that "where an officer has an articulable reasonable suspicion * * * to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid[.]" Dayton v. Erickson (1996),76 Ohio St.3d 3, 11-12. In the present case, Officer Williams activated his overhead lights after twice observing Gutierrez stop in the roadway for no apparent reason. Officer Williams was required to "slow way down" to avoid hitting the stopped vehicle. In our view, these facts gave Officer Williams reasonable cause to believe that Gutierrez had violated R.C. § 4511.22(A) by stopping or driving slowly enough to impede the normal and reasonable movement of traffic without any apparent justification.
 {¶ 8} The Eleventh District's decision in Echols is distinguishable insofar as the police officer in that case was not following the stopped motorist. Rather, the officer and the motorist approached an intersection from opposite directions, and the motorist stopped for several seconds and voluntarily yielded the right-of-way to allow the officer to make a left-hand turn. As the trial court recognized, the stopped motorist in Echols
did not impede or block the normal movement of traffic to the same degree that Gutierrez did in the present case when he stopped directly in front of Officer Williams. In any event, we are not bound by the Eleventh District's ruling in Echols.
Based on our belief that Officer Williams possessed specific articulable facts supporting a reasonable suspicion that Gutierrez had violated the slow-speed statute, we overrule the assignment of error.
 III. Conclusion {¶ 9} Based on the reasoning set forth above, the judgment of the Fairborn Municipal Court is hereby affirmed.
Grady, J., and Young, J., concur.